UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
EL'REKO D'WAYNE RANDLE,                        :        10 Civ. 9235 (JPO)
                                               :
                              Plaintiff,       :        **STIPULATION OF SETTLEMENT,**
                                               :        **GENERAL RELEASE, AND ORDER**
            - v -                              :        **OF DISMISSAL**
                                               :
SERGEANT TRACY ALEXANDER, et al.,              :
                                               :
                              Defendants.      :
-------------------------------------------------------------- X

This SETTLEMENT STIPULATION, GENERAL RELEASE, AND ORDER OF
DISMISSAL ("Settlement Stipulation") is made by and between plaintiff El'Reko D'Wayne
Randle ("Plaintiff") and defendants Dennis Benitez, William Monzon, Harold Hanaman, Kyle
Nelson, and Tracy Alexander (collectively "Defendants");

WHEREAS, Plaintiff commenced this action by filing a complaint on or about December
1, 2010, in this Court, Case Number 10 Civ. 9235, which was superseded by the third amended
verified complaint, which was filed on or about August 6, 2012 (the "Complaint"), against
Defendants, in the above-captioned action ("the Action"), alleging that Defendants had violated
Plaintiff's rights, under 42 U.S.C. § 1983, during Plaintiff's incarceration in the New York State
Department of Corrections and Community Supervision ("DOCCS") system; and

WHEREAS, Defendants, whether in their individual or official capacities, expressly deny
any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or
law in this matter whatsoever; and

WHEREAS, Plaintiff and Defendants wish to fully resolve the claims alleged in the
Complaint in the Action, and any and all other disputes, whether known or unknown, without
further litigation or proceedings and without admission of fault or liability and have negotiated in
good faith for that purpose; and

WHEREAS, none of the parties to the Action is an infant or incompetent person; and

WHEREAS, Plaintiff represents and warrants that, other than this Action, he has no action or proceeding pending in any court, state or federal, arising out of or relating to the subject matter of this lawsuit.

NOW THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Stipulation, Plaintiff and Defendants hereby agree as follows:

### 1.     Dismissal of the Action With Prejudice

The Action and all claims asserted therein are discontinued with prejudice against Defendants pursuant to Fed. R. Civ. P. 41(a)(2) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amount specified in Paragraph 2 below.

### 2.     Payment to Plaintiff and Payment of Plaintiff's Attorneys' Costs and Disbursements

(a)     In full consideration of Plaintiff's execution of this Settlement Stipulation, his agreement to be bound by its terms, and his undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Defendants shall pay the gross amount of Two Hundred Thousand Dollars ($200,000), in full satisfaction of any and all claims, allegations or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against the Defendants, whether in their individual or official capacities, the State of New York, DOCCS, the New York State Office of Mental Health ("OMH"), or any of their predecessors, or any of their current or former employees, subdivisions, units, or related entities, arising out of conduct, acts, or omissions prior to, up to and including the date of this Settlement Stipulation, including

2

but not limited to those asserted in the Action, including any attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff for any and all counsel who have assisted Plaintiff or at any time represented Plaintiff in the Action or in connection with any other proceeding, administrative, judicial, or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Action.

(b)      The settlement amount of Two Hundred Thousand Dollars ($200,000), which includes attorneys' costs and disbursements, shall be paid from the following sources: (1) One Hundred Ninety-Five Thousand Dollars ($195,000) from State funds; (2) Two Thousand Five Hundred Dollars ($2,500) from Defendant Dennis Benitez; and (3) Two Thousand Five Hundred Dollars ($2,500) from Defendant William Monzon.

(c)      The foregoing payments shall be made as follows: (1) the first check, in the amount of Seventy Thousand Dollars ($70,000), shall be made payable to Plaintiff, by the State of New York, and delivered to the correctional facility in which Plaintiff is incarcerated, for deposit in his inmate facility/departmental account; (2) the second check, in the amount of Two Thousand Five Hundred Dollars ($2,500), shall be made payable to Plaintiff, by Defendant Dennis Benitez or his attorney, and delivered to the correctional facility in which Plaintiff is incarcerated, for deposit in his inmate facility/departmental account; (3) the third check, in the amount of Two Thousand Five Hundred Dollars ($2,500), shall be made payable to Plaintiff, by Defendant William Monzon or his attorney, and delivered to the correctional facility in which Plaintiff is incarcerated, for deposit in his inmate facility/departmental account and (4) the fourth check, in the amount of One Hundred Twenty Five Thousand Dollars ($125,000), shall be made payable, by the State of New York, to Plaintiff's attorneys, Weil, Gotshal & Manges LLP, for its

3

costs and disbursements, and mailed to the attention of Plaintiff's attorney Konrad L. Cailteux, Esq. at 767 Fifth Avenue, New York, N.Y. 10153.

(d)     These aforementioned settlement payments, for which I.R.S. Forms 1099 shall be issued, are in full and complete satisfaction of: (1) any and all claims for damages incurred by Plaintiff that were or could have been the subject of any claim in the Action, as well as in connection with any other proceeding, administrative, judicial, or otherwise, including, but not limited to, any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action; and (2) any and all claims, purported claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff for any and all legal counsel who have at any time represented Plaintiff in the Action or in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action arising from, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action.

**3.     State Approval of Payment**

Payment of the settlement amounts specified in Paragraphs 2(c)(1) and 2(c)(4) of this Settlement Stipulation are subject to the approval of all appropriate State officials in accordance with N.Y. Public Officers Law § 17. Plaintiff agrees to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment. In the event such approval is not obtained, this Settlement Stipulation, and the Court's May 19, 2016 Order dismissing certain defendants in the Action (ECF No. 305), shall be void *nunc pro tunc* and of no further force and effect.

**4.     Accrual of Interest**

In the event that payment of the settlement amounts specified in Paragraph 2 of this Settlement Stipulation have not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General ("OAG") of a "So Ordered" copy of this Agreement, entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 3 and 7 of this Settlement Stipulation, interest on any part of the settlement amounts, as specified in Paragraph 2 of this Settlement Stipulation, not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day. If applicable, except for the payment to be made to Plaintiff's attorneys as specified in Paragraph 2(c)(4), in satisfaction of any claims for attorneys' costs and disbursements, the provisions referenced in Chapter 62 of the Laws of 2001, as amended (commonly known as "the Son of Sam Law" relating to crime victims, funds of convicted persons and the New York State Office of Victims Services), including, but not limited to Section 632-a of the New York Executive Law and Section 8(12-g) of the New York State Finance Law, may be applicable to payments by Defendants hereunder.

**5.     Responsibility of Plaintiff and Plaintiff's Attorneys for Taxes**

It is understood and agreed that any taxes, or interest or penalties on taxes, on the settlement amount specified in Paragraph 2 of this Settlement Stipulation shall be the sole and complete responsibility of Plaintiff and Plaintiff's attorneys, and that Plaintiff and Plaintiff's attorneys shall have no claim, right or cause of action against Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), DOCCS and/or OMH, and any of their current or former officials, employees or agents, whether in their individual or official capacities, on account of such taxes, interest or penalties. Plaintiff

and Plaintiff's attorneys agree that they will defend, indemnify, and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), DOCCS and/or OMH, and any of their current or former officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such taxes, or interest or penalties on taxes.

### 6.    **Responsibility of Plaintiff and Plaintiff's Attorneys for Liens**

Plaintiff and Plaintiff's attorneys agree that neither Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), DOCCS, OMH, nor any of their current or former officials, employees or agents, whether in their individual or official capacities, shall be responsible for any liens of any kind (including, but not limited to, any and all workers' compensation, tax, or child support liens) which may attach to the settlement amount specified in Paragraph 2 of this Settlement Stipulation. Plaintiff and Plaintiff's attorneys shall have no claim, right, or cause of action against Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), DOCCS, OMH, or any of their current or former officials, employees, or agents, whether in their individual or official capacities, on account of such liens, and agree that they will defend, indemnify, and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), DOCCS, OMH, and any of their current or former officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such liens.

### 7.    **Medicare Certification**

Plaintiff and Plaintiff's attorneys acknowledge and understand that Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA"), 42 U.S.C. § 1395y(b),

mandates that the State of New York and the OAG report information to Medicare regarding

settlements, judgments, awards or payments of any kind for the purpose of coordinating benefits

for Medicare beneficiaries, and agree to deliver an executed and notarized Affidavit of Medicare

Eligibility Status, in the form annexed hereto as Exhibit A, to the OAG.  Plaintiff and Plaintiff's

attorneys acknowledge and understand that the submission of this Affidavit, and any and all

requested supporting documentation, to the OAG is a prerequisite to payment of the settlement

amounts specified in Paragraph 2(c)(1) and 2(c)(4) of this Settlement Stipulation, and falls within

the category of "other documentation" described in Paragraphs 3 and 4 of this Agreement.

**8.     Liability of Plaintiff for Any Medicare Payments and/or Liens**

Plaintiff agrees to defend, indemnify, and hold harmless Defendants, the State of New

York (including, but not limited to, any and all agencies, departments, and subdivisions thereof),

DOCCS and/or OMH, and any of their current or former officials, employees, or agents, whether

in their official or individual capacities, regarding any liens or past and/or future Medicare

payments presently known or unknown in connection with the Action.  If conditional and/or

future anticipated Medicare payments have not been satisfied, the State of New York, DOCCS,

OMH, and/or the OAG reserve the right to issue a multi-party check naming Medicare as a payee

or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect

to the amount specified in Paragraph 2 of this Settlement Stipulation.   Upon receipt of all

required documentation under Paragraphs 3 and 7, payment of the settlement amount specified in

Paragraph 2 shall be made in accordance with the terms set forth herein.

**9.     General Release**

(a) In consideration of the payments of the sums recited in Paragraphs 2(c)(1), 2(c)(2),

2(c)(3), and 2(c)(4) above, the sufficiency of which is hereby acknowledged, Plaintiff, on behalf

of himself, his heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby releases and forever discharges Defendants, the State of New York, (including, but not limited to, any and all agencies, departments, and subdivisions thereof), DOCCS, OMH, and all of their present and former principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities (collectively, "the Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any, or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever up to and including the date of this Settlement Agreement, including but not limited to: (1) any and all claims regarding or arising out of the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Complaint in this Action; (2) any and all claims regarding or arising directly or indirectly from either Plaintiff's association with any of the Released Parties or the terms and conditions of his association with any of the Released Parties, including but not limited to, his incarceration in the DOCCS system; (3) any and all other claims, whether for damages (including but not limited to, claims for equitable relief, compensatory, punitive, or other damages), breach of contract, negligence, estoppel, defamation, infliction of emotional distress, violation of public policy, or any other tort, or any claim for costs, fees, or other expenses including attorneys' fees, or any other claims under federal, state, or local law relating to Plaintiff's incarceration in the DOCCS system. Plaintiff also waives and

8

releases any and all claims against Defendants, the State of New York, its agencies, departments, and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions, or occurrences up to and including the date of this Settlement Agreement. It is expressly agreed and acknowledged that release of the claims against all the Released Parties, except Defendants Dennis Benitez and William Monzon, is not conditioned upon the payments in Paragraphs 2(c)(2) and 2(c)(3) above.

(b) Defendant Dennis Benitez hereby mutually releases any and all claims for indemnification or contribution that he might possess against any other Defendant, the State of New York, (including, but not limited to, any and all agencies, departments, and subdivisions thereof), DOCCS, OMH, and all of their present and former principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities, (collectively, "the Released Parties") arising from the allegations in this Action. Defendant Dennis Benitez and Plaintiff acknowledge that Defendant Dennis Benitez is solely responsible for the payment of Two Thousand Five Hundred Dollars ($2,500) in this Action, as set forth in Paragraph 2(c)(2) of this Settlement Stipulation.

(c) Defendant William Monzon hereby mutually releases any and all claims for indemnification or contribution that he might possess against any other Defendant, the State of New York, (including, but not limited to, any and all agencies, departments, and subdivisions thereof), DOCCS, OMH, and all of their present and former principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities, (collectively, "the Released Parties") arising from the allegations in this Action. Defendant William Monzon

9

and Plaintiff acknowledge that Defendant William Monzon is solely responsible for the payment of Two Thousand Five Hundred Dollars ($2,500) in this Action, as set forth in Paragraph 2(c)(3) of this Settlement Stipulation.

**10.    No Other Action or Proceeding**

Other than the Action, Plaintiff represents and warrants that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against Defendants, the State of New York (including, but not limited to, any agencies, departments, and subdivisions thereof), DOCCS and/or OMH, any of their current or former officials, employees, or agents, whether in their individual or official capacities, on his own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, with the exception of El'Reko D'Wayne Randle v. State of New York, Claim No. 118210/2009, filed in the  Court of Claims, which has since been dismissed with prejudice, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Settlement Stipulation.

**11.    No Other Attorneys**

The undersigned attorneys for Plaintiff represent that, to the best of their knowledge, there are no other attorneys having a lien for services rendered to Plaintiff pursuant to the provisions of N.Y. Judiciary Law § 475 or otherwise in connection with the Action, or in any other action or proceeding alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. The undersigned attorneys for Plaintiff agree to defend, indemnify, and hold harmless Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), DOCCS and/or OMH,

and any of their current or former officials, employees, or agents, whether in their individual or official capacities, from any liability or claims for attorneys' fees, costs, disbursements, or expenses incurred by Plaintiff in the Action or in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action.

### 12.   **No Prevailing Party**

Neither Plaintiff nor Defendants shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

### 13.   **Successors and Assigns**

The terms and conditions of this Settlement Stipulation shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

### 14.   **Authority**

Each signatory to this Settlement Stipulation hereby represents and warrants that he, she, or it, has the requisite authority to enter into this Settlement Stipulation and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Stipulation.

### 15.   **Voluntary Agreement**

The parties hereto execute and deliver this Settlement Stipulation voluntarily after being fully informed of its terms, contents and effect, and acknowledge that they understand its terms, contents, and effect. The parties hereto acknowledge that they are aware, and are advised, of their right to seek the advice of an attorney and that they have been represented by counsel of their choosing before agreeing to any settlement or release, and no compromise or representation

11

of any kind, other than as set forth or referred to herein, has been made to any party hereto or any one acting on behalf of such party.

### 16.    No Admission of Liability

It is understood and agreed that any actions taken or payments made pursuant to this Settlement Stipulation are made solely to avoid the burdens and expense of protracted litigation, and that this Settlement Stipulation and the actions taken or payments made pursuant hereto are not to be construed as constituting any determination on the merits of any claims, whether asserted or purportedly asserted in the Action.  Nothing contained in this Settlement Stipulation shall be deemed to constitute a policy, practice, or custom of the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), DOCCS, OMH, or any of their current or former officials, employees, or agents, whether in their individual or official capacities.

### 17.    No Precedential Value

This Settlement Stipulation shall not in any manner be construed as determinative of the issues or claims, whether raised or purportedly raised, in the Action or any other proceeding, and shall have no precedential value.  In addition, notwithstanding the provisions of any paragraph herein, this Settlement Stipulation shall not bind or collaterally estop Defendants, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), DOCCS, OMH, or any of their current or former officials, employees, or agents, whether in their individual or official capacities, in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

18.   **Entire Agreement**

This Settlement Stipulation constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Stipulation, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

19.   **Governing Law**

The terms of this Settlement Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims or purported claims pursuant to Paragraph 9 of this Settlement Stipulation.

20.   **Severability**

If any provision of this Settlement Stipulation shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portions or affect their validity.

21.   **Headings**

The headings contained in this Settlement Stipulation are for convenience of reference only and are not a material part of this Settlement Stipulation.

**22.**   **Execution**

This Settlement Stipulation may be executed in any number of counterparts, all of which taken together shall constitute one Settlement Stipulation, and may be executed by facsimile signature and facsimile notary seal.

IN WITNESS WHEREOF, the parties hereto acknowledge that they have read this Settlement Stipulation and accept and agree to the provisions contained herein, and have each executed this Settlement Stipulation to be effective on the day and date indicated below.

Dated: New York, New York
    June 22, 2016

**ERIC T. SCHNEIDERMAN**
Attorney General of the State of New York
*Attorney for Defendants Nelson and Alexander*

**JAMES B. COONEY, ESQ.**
Assistant Attorney General
120 Broadway, 24th Floor
New York, N.Y. 10271
(212) 416-6082

Dated: Albany, New York
    June 22, 2016

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**
*Attorneys for Defendants Benitez and Manzon*

**JEFFREY P. MANS, ESQ.**
54 State Street, Suite 1001
Albany, N.Y. 12207
(518) 462-0110

Dated: Albany, New York
    June ___, 2016

**HARRIS, CONWAY & DONOVAN, PLLC**
*Attorneys for Defendant Hanaman*

**RYAN T. DONOVAN, ESQ.**
5 Clinton Square
Albany, N.Y. 12207
(518) 436-1661

15

Dated: New York, New York
    June 22, 2016

**ERIC T. SCHNEIDERMAN**
Attorney General of the State of New York
*Attorney for Defendants Nelson and Alexander*

**JAMES B. COONEY, ESQ.**
Assistant Attorney General
120 Broadway, 24th Floor
New York, N.Y. 10271
(212) 416-6082

Dated: Albany, New York
    June ___, 2016

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**
*Attorneys for Defendants Benitez and Monzon*

**JEFFREY P. MANS, ESQ.**
54 State Street, Suite 1001
Albany, N.Y. 12207
(518) 462-0110

Dated: Albany, New York
    June ___, 2016

**HARRIS, CONWAY & DONOVAN, PLLC**
*Attorneys for Defendant Hanaman*

**RYAN T. DONOVAN, ESQ.**
5 Clinton Square
Albany, N.Y. 12207
(518) 436-1661

15

Dated: __Mahopac__ . New York
      June **23**, 2016

**DENNIS BENITEZ**
*Defendant*

### ACKNOWLEDGMENT

On the **23** day of June, 2016, before me came, Defendant, **DENNIS BENITEZ**, known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed on the within instrument, and acknowledged to me that he executed the same.

**THOMAS M OLEARY**
**NOTARY PUBLIC-STATE OF NEW YORK**
**No. 01OL6174337**
**Qualified in Putnam County**
**My Commission Expires September 17, 2019**

_____
Notary Public

Dated: __Mahopac__ , New York
      June **23**, 2016

**WILLIAM MONZON**
*Defendant*

### ACKNOWLEDGMENT

On the **23** day of June, 2016, before me came, Defendant, **WILLIAM MONZON**, known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed on the within instrument, and acknowledged to me that he executed the same.

**THOMAS M OLEARY**
**NOTARY PUBLIC-STATE OF NEW YORK**
**No. 01OL6174337**
**Qualified in Putnam County**
**My Commission Expires September 17, 2019**

_____
Notary Public

16

Dated: __Val atio__ , New York
July ~~June 18~~ , 2016

_Harold F. Hl_

**HAROLD HANAMAN**
_Defendant_

## ACKNOWLEDGMENT

On the __18th__ day of ~~June~~ July 2016, before me came, Defendant, **HAROLD HANAMAN**, known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed on the within instrument, and acknowledged to me that he executed the same.

**PRISCILLA A DEANGELIS**
No. 01DE6022413
Notary Public, State of New York
Qualified in Columbia County
My commission expires MARCH 29th, 20_19_

_Priscilla A DeAngelis_
Notary Public

Dated: _____ , New York
June ___ , 2016

_____
**KYLE NELSON**
_Defendant_

## ACKNOWLEDGMENT

On the _____ day of June, 2016, before me came, Defendant, **KYLE NELSON**, known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed on the within instrument, and acknowledged to me that he executed the same.

_____
Notary Public

17

Dated: _____, New York
          June ___, 2016

                                        _____
                                        **HAROLD HANAMAN**
                                        *Defendant*


### ACKNOWLEDGMENT

        On the _____ day of June, 2016, before me came, Defendant, **HAROLD HANAMAN**, known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed on the within instrument, and acknowledged to me that he executed the same.


                                        _____
                                                Notary Public


Dated: _Ogdensburg_, New York
_July_ ~~June~~ _12_. 2016

                                        _____
                                        **KYLE NELSON**
                                        *Defendant*


### ACKNOWLEDGMENT

        On the _12_ day of ~~June~~ July, 2016, before me came, Defendant, **KYLE NELSON**, known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed on the within instrument, and acknowledged to me that he executed the same.

                                        _____
                                                Notary Public

                                        **MATT HONEYWELL**
                                        **No. 01HO6200408**
                                        **Notary Public, State of New York**
                                        **Qualified in Jefferson County**
                                        **My Commission Expires 02-02-2017**


17

Dated: _Hudson_, New York
June 22, 2016

TRACY ALEXANDER
_Defendant_

### ACKNOWLEDGMENT

On the _22_ day of June, 2016, before me came, Defendant, **TRACY ALEXANDER**, known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed on the within instrument, and acknowledged to me that he executed the same.

Elaine Johnson
Notary Public, State Of New York
No. 01JO6171291
Qualified in Oneida County
Commission Expires _7/23/19_

Notary Public

Dated: New York, New York
June 22, 2016

**WEIL, GOTSHAL & MANGES LLP**
_Attorneys for Plaintiff_

KONRAD L. CAILTEUX, ESQ.
767 Fifth Avenue
New York, N.Y. 10153
(212) 310-8904

18

Dated: Fallsburg, New York
    June _____, 2016

**EL'REKO D'WAYNE RANDLE**
*Plaintiff*

ACKNOWLEDGMENT

On the _____ day of June, 2016, before me came, Plaintiff, **EL'REKO D'WAYNE RANDLE,** known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed on the within instrument, and acknowledged to me that he executed the same.

Notary Public

VIRGINIA M. BERNHARDT
Notary Public, State of New York
Sullivan County Clerk's No. 1746
Commission Expires June 18, 20__

**SO ORDERED:**

Dated:  New York, New York
    August 2, 2016

J. PAUL OETKEN
United States District Judge

19

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
EL'REKO D'WAYNE RANDLE,                            :        10 Civ. 9235 (JPO)
                                                   :
                                Plaintiff,         :        **AFFIDAVIT OF STATUS OF**
                                                   :        **MEDICARE ELIGIBILITY**
              - v -                                :
                                                   :
SERGEANT TRACY ALEXANDER, *et al.*,                :
                                                   :
                                Defendants.        :
-------------------------------------------------------------- X

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF _____  )

     **EL'REKO D'WAYNE RANDLE**, being duly sworn, deposes and says:

1.     I am the plaintiff in the above-entitled action and I reside at Sullivan Correctional

Facility, 325 Riverside Drive, Fallsburg, New York 12733-0116.

2.     I am making this affidavit with full knowledge that the same will be relied upon by the

State of New York, its agents, employees and representatives ("OAG") in connection with

settlement of this action against defendants Dennis Benitez, William Monzon, Harold Hanaman,

Kyle Nelson, and Tracy Alexander (collectively "Defendants"), specifically as it relates to the

OAG's obligations as to Medicare compliance primarily pursuant to Section 111 of the

Medicare, Medicaid and SCHIP Extension Act of 2007 ("MMSEA") and the Medicare

Secondary Payer Act ("MSP"). *[Note: A query will be made pursuant to Section 111 of the*

*Medicare, Medicaid and SCHIP Extension Act of 2007, 42 US.C. 1395(B)(8) to verify your*

*current Medicare status ].*

3.     I hereby acknowledge and understand that as mandated by CMS and promulgated by and

through its rules and regulations including but not limited to the MMSEA and/or MSP, I am

required to:

     a.     reimburse Medicare for *conditional payments* it has made from the settlement herein; and/or

     b.     utilize the settlement proceeds to pay for future medical expenses, when necessary.

4.     I further acknowledge that the information provided herein will be relied upon by defendants and OAG as true and accurate and, when applicable, will be used for reporting pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 and/or as deemed necessary and/or required by the defendant and OAG.

5.     I hereby agree to promptly provide the OAG with any and all information necessary and required for its reporting pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007.

## PEDIGREE INFORMATION

6.     I have been known by (include all alias name(s), former name(s) and/or maiden name(s)) the following names:


     I hereby acknowledge that I can be identified by this/these name(s) and all these names are indeed referring to me.

7.     I consent to OAG verifying my current Medicare eligibility for purposes of its compliance with Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007.  I affirm:

     a.     my social security number is _____;
     b.     my date of birth is _____; and
     c.     my gender is male / female.

2

## CURRENT MEDICARE ELIGIBILITY

*✐ Initial and affirm applicable current Medicare eligibility status ✐*

8.      As of the date of this affidavit:

a.      ✐_____ I am not currently receiving nor have I ever received Medicare coverage and/or benefits;

### OR

b.      ✐_____ I am a Medicare beneficiary and my Medicare number [HIC #] is _____. I am aware of my obligation to reimburse Medicare, as well as any Medicare Part C Plan (also referred to as Medicare Advantage Plans, Medi-Gap Plans), (collectively hereinafter referred to as "Medicare") for payments and/or benefits that I received directly or indirectly from Medicare for medical expenses for injuries that were the subject of this personal injury action. I understand that reimbursement directly to Medicare may be made from proceeds I receive from the [judgment/settlement] of this personal injury action; and

i.      ✐_____ Medicare has confirmed that no payment is due and owing from the total proceeds of the above-captioned litigation. *(Attach copy of Medicare's letter)* ; or

ii.      ✐_____ Medicare has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date. *(Attach copy of Medicare reimbursement letter)*. In accordance with the attached Medicare letter, I consent to the payment of that sum directly from the total proceeds of the above-captioned litigation; or

iii.      ✐_____ I am awaiting a Final Demand letter or equivalent information from Medicare. Upon my receipt of the necessary documentation, I will promptly provide it to [assigned AAG] and to OAG's Medicare Compliance via email at Medicare.Compliance@ag.ny.gov. I agree that no interest or penalty will be assessed or demanded by me or on my behalf against the OAG for any delay in payment pursuant to the terms and conditions of the [judgment/settlement] in the above-captioned litigation prior to OAG's receipt of any and all necessary documentation from me issued by Medicare (including but not limited to Medicare's Final Demand letter or equivalent correspondence). In accordance with Medicare's Final Demand letter or its equivalent correspondence, I consent to the payment of that sum directly from the total proceeds of the above-captioned litigation.

## FUTURE MEDICARE ELIGIBILITY

✐ *Initial and affirm applicable future Medicare eligibility status* ✐

9.    As of the date of this affidavit:

a.    ✐_____   I do not expect to be a Medicare recipient within 30 months of the date of this affidavit and the date of the [judgment/settlement] of the above-captioned litigation.  I affirm that I:
   i.    I have not applied for social security disability (SSDI);
   ii.    have not been denied SSDI and anticipating appealing that decision;
   iii.    am not in the process of appealing or re-filing for SSDI;
   iv.    am not 62.5 years or older; and
   v.    do not have End Stage Renal Disease (a qualifying condition for Medicare);

**OR**

b.    ✐_____   I am not current a Medicare beneficiary.  However, I anticipate that I will be Medicare eligible within 30 months of the date of this affidavit and the date of the [judgment/settlement] of the above-captioned litigation and

   i.    ✐_____   I do not require any future treatment for injuries that are the subject of this personal injury action.  The required certification(s) for the injuries alleged in the *[complaint/claim/bill of particulars – specify all applicable documents]* is attached.  The attached certification attests that there is no anticipated future treatment required for the injuries sustained in the within personal injury action; or

   ii.    ✐_____   I do require future treatment for the injuries that are the subject of this personal injury action.  In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to $_____ from the total proceeds of the above-captioned litigation. I affirm this sum will be used for the medicals expenses relating to the injuries of this personal injury action;

**OR**

c.    ✐_____   I am currently a Medicare beneficiary and

   i.    ✐_____   I do not require any future treatment for injuries that are the subject of this personal injury action.  The required certification(s) for the injuries alleged in the *[complaint/claim/bill of particulars – specify all applicable documents]* is attached.  The attached certification attests that there is no anticipated future treatment required for the injuries sustained in the within personal injury action; or

4

ii.     ✒ _____    I do require future treatment for the injuries that are the subject of this personal injury action.  In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to $_____ from the total proceeds of the above-captioned litigation. I affirm this sum will be used for the medicals expenses relating to the injuries of this personal injury action; or

iii.    ✒ _____    I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein.  Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action.  I understand and agree should I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from this agreement to pay for any medical expenses relating to such injuries.

_____

EL'REKO D'WAYNE RANDLE

Sworn to before me this
\_\_\_\_ day of _____, 20\_\_ .

_____

NOTARY PUBLIC

5